## WELLS et al. v. W. T. CARTER & BRO. et al.

### No. 2669.

Court of Civil Appeals of Texas. Beaumont. Jan. 16, 1935.

Rehearing Denied Jan. 23, 1935.

V. A. Collins, of Livingston, and Geo. E. Holland, of Beaumont, for appellants.

M. M. Feagin, of Livingston, and S. H. German, of Houston, for appellees.

O'QUINN, Justice.

Mrs. Ellen Wells and others, claiming as the heirs of John Jones and wife, Tennessee Jones, brought this suit in trespass to try title against W. T. Carter & Bro., a copartnership, and numerous individual defendants, to recover title and possession of 160 acres of land, a portion of the James Morgan survey in Polk county, Tex., to include what was known as "the old Bailey place," now known as the John Jones place. Plaintiffs alleged that the dwelling and outhouses of their ancestors, John Jones and wife, under whom they claimed, and about 2 acres of the cultivated land, was on the James Morgan survey, but that some of the cultivated land extended over onto the adjoining John D. Nash survey. Plaintiffs asserted claim to a specific 160 acres on the Morgan survey by the ten years' statute of limitation, and prayed that title to same be adjudged to them, but in the alternative that if they did not show that they had claimed the specific 160 acres described in their petition for the statutory period, then that said 160 acres was of an equal and uniform value with the other portions of said Morgan survey and would be an equitable partition to them of what they were entitled to receive, and should be adjudged to them. They further prayed in the alternative that if they did not show themselves entitled to the specific 160 acres described in their petition, and if the specific 160 acres did not represent the land to which they would be entitled in an equitable partition, then they were entitled to recover an undefined 160 acres to include the improvements, same to be taken out of the Morgan and Nash surveys apportioned between said surveys as the court might direct.

Mrs. Amanda Kervin, a feme sole, and others joining her, intervened and set up claim to the land described in plaintiffs' petition as against both plaintiffs and defendants.

The defendants answered both plaintiffs' and interveners' petition by general demurrer, general denial, and plea of not guilty.

In aid to understanding the special issues submitted to the jury, we shall first state some of what we deem to be undisputed facts shown by the record:

(a) Isham Bailey, minor son of Mrs. Levina Bailey, in January, 1878, bought from his brother-in-law' an unfinished house situated on the Morgan tract of land, completed the house, and with his mother and younger brother (Buddy) moved into the house and acted as the head of the family in clearing and fencing the land·that was cultivated, and making other improvements thereon. He claimed an undefined 160 acres of land, such as was allowed by law, in his own right, until his marriage about the latter part of August, 1885, when, shortly after his marriage, he left the place and gave, "turned over," to his mother all his claim and interest in the place.

(b) Mrs. Levina Bailey, Isham's mother, and her son Buddy Bailey, who then acted as the head of the family, continued to live in the house, and use and cultivate the land until the year 1891. It is admitted that the occupancy, use, and possession by Isham Bailey, supplemented by the occupancy, use, and possession of Mrs. Bailey, was continued for more than ten full years, and was sufficient to constitute peaceful and adverse possession under the ten years' statute of limitation, unless defeated by matters herein later set out and discussed. It was also admitted that the 160 acres claimed by Mrs. Bailey was of an average and uniform value with the balance of the Morgan survey.

·' (c) Up to the time Isham Bailey married, or about seven years and eight months, he claimed only an undefined 160 acres of land to include his improvements. He married in August, 1885. Shortly after he married and left the place, his mother, to whom he had given all his claim to the property, and Buddy Bailey had a surveyor to survey 160 acres to include the improvements; however, the 160 acres thus surveyed was not the identical 160 acres described in plaintiffs' petition as another survey was later made, and it is not shown that the two surveys coincided, but the contrary differed in some parts; both including the improvements. The petition described the land in the second survey.

(d) In 1891, Mrs. Levina Bailey "swapped" places with her neighbor, John Jones, he moving into the house known as the Bailey place, afterwards known as the John Jones place, and Mrs. Bailey and Buddy Bailey moving into the John Jones place, afterwards known as the Pearl Bailey place. No written instrument of any character was executed by either of them: it was a mere parol exchange of lands.

(e) The 160 acres involved in this suit is the Bailey 160 acres received by John Jones in exchange with Mrs. Bailey, now known as the John Jones place. Appellants are the heirs of John Jones. Their mother was one of the seven children and heirs of Mrs. Levina Bailey.

(f) September 7, 1907, Isham Bailey and wife, for a consideration of $1,000, partly in cash and partly in notes, by special warranty deed conveyed to Annie T. Lomax a specific 160 acres out of the Morgan survey, including the old Bailey improvements. This 160 acres did not coincide with the specific 160 acres described in plaintiffs' petition, but did include the same improvements. His deed to Mrs. Lomax made no mention of the land conveyed to her as being the same 160 acres claimed by him originally and "turned over" to his mother in 1885, when he married and left the premises. The Lomax deed was duly recorded. W. T. Carter & Bro. acquired and were the owners of whatever title that passed by Isham Bailey's deed to Mrs. Lomax.

(g) It was agreed by the parties that appellees, defendants below, were the owners of the record title to both the Morgan and Nash surveys, unless defeated by plaintiffs' plea of limitation; that both the Morgan and Nash surveys were patented prior to 1850, the Nash prior to the Morgan; and that defendant W. T. Carter & Bro. claimed the Morgan survey under a deed from the Mather heirs dated June 17, 1905; the mineral rights in said survey being reserved to the Mather heirs and not claimed by said Carter & Bro.

At the close of the evidence the interveners took a nonsuit.

The case was tried to a jury upon three special issues, to wit:

"Special Issue No. 1. On what date do you find from a preponderance of the evidence, Isham Bailey first went into possession of the land in controversy. Answer by giving month and year."

Answer: "January, 1878."

"Special Issue No. 2. On what date do you find from a preponderance of the evidence John Jones went into possession of the land in controversy? Answer by giving the year."

Answer: "1891."

"Special Issue No. 3 (Requested by defendants). When do you find from a preponderance of the evidence that Surveyor Hill made

the survey for Buddy and Mrs. Bailey of the 160 acres of land?"

Answer: "Evidence was insufficient for us to decide upon a date."

Both parties moved for judgment on the verdict of the jury. The court overruled plaintiffs' motion, granted defendants', and rendered judgment that plaintiffs take- nothing by their suit, and that the defendants go hence without day with their costs. Motion for a new trial was overruled, and the case is before us on appeal.

■ Isham Bailey, occupying and claiming an undesignated 160 acres of land out of the Morgan survey from January, 1878, to August, 1885, and then giving his claim to his mother and leaving the premises, and she continuing to occupy and claim said 160 acres to 1891, she acquired title to said 160 acres by limitation. Appellees' contention that as the claim of Isham Bailey was to an undesignated 160 acres, and that before the ten years' occupancy and claim had elapsed Mrs. Bailey had a survey of a specific 160 acres made including her improvements, and claimed that as the land to which she was entitled until some time in 1891, that no title under the ten years' statute of limitation was shown to any land, is not sound. The attempt of Mrs. Bailey to designate the 160 acres she claimed was of no effect; the law not permitting her to select same. One claiming title by limitation to an undesignated 160 acres of land out of a larger tract, by actual possession for ten years of less than that amount, cannot make definite the limits to which his prescription- extends by survey designating the entire 160 acres claimed by him. Article 5510, R. S., authorizes the acquisition of a specific 160 acres of land only (a) where the number of acres actually inclosed equals or exceeds that amount, or (b) where the possession is taken under some written memorandum of title, other than a deed, which fixes the boundary of the claim and is duly registered. The effort of Mrs. Bailey to arbitrarily designate the specific 160 acres claimed by her being unauthorized, was without effect and did not suspend her claim to 160 acres including her improvements, and at the expiration of the ten-year period she was entitled to have same set apart to her. Louisiana & Texas Lumber Co. v. Kennedy, 103 Tex. 297, 126 S. W. 1110; Louisiana & Texas Lumber Co. v. Stewart, 61 Tex. Civ. App. 255, 130 S. W. 199, 203. That being true, the date when she had the survey made of the 160 acres claimed by her was wholly immaterial.

■ However, it is well settled that if an occupant of land claiming title to 160 acres by limitation claims a specific 160 acres, he must sufficiently describe same in his plea to identify it and must prove his open and notorious adverse possession and claim for ten years of the identical land so described, or must show by pleading and proof that the setting apart to him of such specific 160 acres will not be an inequitable partition of the large tract between himself and his co-owners. Here the pleadings and proof of plaintiffs clearly showed the specific 160 acres claimed, and it is agreed that said 160 acres was of equal and uniform value with the other portions of the large survey. So Mrs. Bailey was entitled to 160 acres by limitation, and it being conceded that the specific 160 acres claimed by her was of equal and uniform value with the other portions of the survey, and that the awarding of same to her would be just and fair to her co-owners, she was entitled to have same awarded to her. Louisiana & Texas Lumber Co. v. Stewart, 61 Tex. Civ. App. 255, 130 S. W. 203; Davis v. Collins (Tex. Civ. App.) 169 S. W. 1128. We do not understand that appellees contest this holding, but that their insistence is that Mrs. Bailey, under the facts, was not entitled to hold any land by her claim of limitation.

■■ It was agreed that appellees were the owners of the record title to the Morgan survey of land. We have held that Mrs. Bailey acquired title to 160 acres out of this survey by limitation. In 1891, Mrs. Bailey and her neighbor, John Jones, "swapped" places; Mrs. Bailey moving to the John Jones place, and Jones moving to the Bailey place which afterwards became known as the John Jones place, and is the land here involved. No written conveyance was executed by either of them. It was merely a parol exchange of lands. Because in violation of the statute of frauds, article 3995, and the statute of conveyances (article 1288), the parol exchange of lands did not convey the Bailey title to the land in controversy to Jones, but same remained in Mrs. Bailey. This was the holding in the case of Laufer v. Powell, 30 Tex. Civ. App. 604, 71 S. W. 549 (writ refused) on facts on all fours with the facts of the instant case. The record fails to show that Jones continued for any considerable time to occupy the Bailey land, or that he made any improvements thereon whatever, but we gather that he remained on the land for possibly one, or two years. What he did after that, or what, if any, disposition he made or attempted to make of the land does

not appear. The mere fact that Jones gave his place as a consideration for the Bailey tract, and for a short time lived on same, is not sufficient to take the parol sale or exchange of the land out of the statute of frauds. Bradley v. Owsley, 74 Tex. 71, 11 S. W. 1052; Hooks v. Bridgewater, 111. Tex. 122, 229 S. W. 1114, 1116, 15 A. L. R. 216; Tunnell v. Moore (Tex. Civ. App.) 53 S.W.(2d) 324. The rule is well settled that to relieve a parol sale of land from the operation of the statute of frauds, three things are necessary: (1) Payment of the consideration; (2) possession by the vendee; and (3) the making by the vendee of valuable and permanent improvements upon the land with the consent of the vendor.

In Hooks v. Bridgewater, supra, Judge Phillips says: "The statute is valid; it is imperative; it is emphatic. Its simple requirement that contracts for the transfer of lands be in writing, imposes no hardship. The effect of its relaxation in what seemed to the courts hard cases has produced abuses almost as great as would have its rigorous enforcement, in the substitution of a doubtful state of the law for a rule that was plain and certain and easily capable of observance."

He further said: "By its [the rule relieving the parol sales of land from the Statute of Frauds] requirement of payment of the consideration, adverse possession by the purchaser, and his making of valuable and permanent improvements in order for the contract to be exempt from the statute, it insures the application of the exemption only for the avoidance of actual fraud, and secures, as it should, the full operation of the statute in all other cases. Its purpose is both to prevent the perpetration of fraud and to safeguard the titles of lands."

And further: "There is no fraud in refusing to enforce the contract where only the consideration is paid. The value of the consideration may in a law action be recovered. Nor where only possession of the premises is given. * * * Nor even where there is both payment of the consideration and possession; without valuable and permanent improvements made on the faith of contract, or their equivalent."

█ We overrule the contention by appellees that because Isham Bailey, on September 7, 1907, by special warranty deed conveyed to Mrs. Annie T. Lomax a certain described 160 acres of land out of the Morgan survey, which included the old Bailey improvements, and which specific tract had passed to the appellee W. T. Carter & Bro., he was estop-

ped from saying that his original claim of 160 acres beginning in January, 1878, and continuing until August, 1885, was of an undesignated 160 acres, in derogation of the description of the land described in his deed to Mrs. Lomax, and that appellants could not avail themselves of the possession and claim of said Isham Bailey to 160 acres of land for the period beginning January, 1878, to August, 1885, in support of their claim of limitation. This contention is not well taken for several reasons. In the first place it is undisputed that Isham Bailey did occupy, use, and claim an undesignated 160 acres of the Morgan survey from January, 1878, to August, 1885; that he then married and left the place, giving all of his right and claim to his mother, Mrs. Levina Bailey, who had all the time resided with him on the place; that his mother and her younger son, Buddy Bailey, continued to live on, use, and make valuable and permanent improvements on the land until 1891. Isham Bailey had never claimed the specific 160 acres deeded by him to Mrs. Lomax. In the next place, while Isham Bailey's deed to Mrs. Lomax as a matter of fact did describe a tract of land which included the old Bailey improvements, it did not in any wise mention said improvements as being conveyed by him, or as formerly occupied by him. His deed did not in any way make mention of any land theretofore held or claimed by him. In so far as disclosed by the record, the 160 acres conveyed by him to Mrs. Lomax could have been an entirely different 160 acres of land from that to which Mrs. Bailey matured title by limitation. Furthermore, Isham Bailey had no title to the Bailey 160 acres that he could convey to Mrs. Lomax. He did not acquire title by limitation to the land, but his mother as his successor in claim did mature title by limitation. The title was in Mrs. Bailey, not Isham Bailey. As an heir of Mrs. Bailey he was entitled to a one-seventh interest in the 160 acres, and his deed to Mrs. Lomax conveyed that interest.

█ Appellants' contention that appellees, not being in privity with appellants, could not interpose the defense of the statute of fraud against their asserted title to the land in controversy, as related to the parol exchange of lands between Mrs. Bailey and John Jones, is overruled. Pretermitting a discussion and decision of whether appellees admittedly being the owners of the record title to the land, under article 1288, Revised Statutes, and the decision in the case of Masterson v. Little, 75 Tex. 697, 13 S. W. 154, had the right to invoke said defense, it

is sufficient to say that appellees were not strangers in the sense contended by appellants for in that they owned a one-seventh interest in the land by virtue of their purchase of the Isham Bailey interest conveyed by him to Mrs. Lomax, and were, therefore, in privity with appellants as co-owners or tenants in common of the 160 acres in controversy, and as such could interpose the defense of the statute of frauds against the asserted ownership of the land by the Jones heirs, appellants here.

■■■■ We overrule appellants' insistence that as Mrs. Tennessee Jones, wife of John Jones, and mother of appellants, was the daughter of Mrs. Levina Bailey, that if the title to the Bailey 160 acres of land did not pass to John Jones by their parol exchange of lands, then that appellants owned a one-seventh interest in the Bailey land by virtue of inheritance through their mother, and, as appellees were trespassers in ousting them from the possession of the land, that appellants were entitled to recover the whole of the 160 acres. Appellees were not trespassers. They owned a one-seventh interest in the 160 acres acquired by Mrs. Bailey by limitation by virtue of having acquired Isham Bailey's interest in same, and thus were tenants in common with appellants, and so had the right of entry. Steddum v. Kirby Lumber Co., 110 Tex. 513, 524, 525, 221 S. W. 920. It is incumbent upon a plaintiff, suing in trespass to try title for an interest in land, to establish his title to a definite interest, whether it be for the interest for which he sues or a lesser interest, and he is not entitled to recover the exclusive possession of the land unless he establishes not only his own title to the involved interest, but also that the defendant has no title to any interest. Baldwin v. Goldfrank, 88 Tex. 249, 31 S. W. 1064; Davidson v. Wallingford, 88 Tex. 619, 32 S. W. 1030. It is only as against a trespasser that one tenant in common is entitled to recover the exclusive possession of the entire land. He is not entitled to evict a defendant in possession by merely showing the ownership of his own particular undivided interest. Before he can evict the defendant and thus appropriate the exclusive possession, he must show that the defendant is a trespasser, and, therefore, justly subject to eviction. Boone v. Knox, 80 Tex. 642, 16 S. W. 448, 26 Am. St. Rep. 767; Davidson v. Wallingford, 88 Tex. 619, 32 S. W. 1030; Steddum v. Kirby Lumber Co., 110 Tex. 513, 525, 221 S. W. 920; Land v. Banks (Tex. Com. App.) 254 S. W. 786.

We have discussed the facts on the theory that it appeared as a matter of law that under Isham Bailey appellees held a one-seventh interest in the 160 acres acquired by Mrs. Bailey by limitation. While on oral argument appellants conceded that a full development of the facts would establish that issue as a matter of law, the point is made on this appeal that the evidence was insufficient to raise the issue, and, therefore, judgment should be rendered for appellants on the theory that appellees were trespassers. We cannot say that this issue was established as one of law, but the facts clearly raised it as one of fact for the jury. It follows that as the judgment was non obstante veredicto, and this issue not sent to the jury, the judgment of the lower court should be reversed and the cause remanded, and it is so ordered.

Reversed and remanded.