# OCTOBER, 1937

W. T. CARTER & BROTHER ET AL. V. MRS. ELLEN WELLS ET AL.

No. 6883.   Decided June 30, 1937.
Rehearing overruled October 13, 1937.
(106 S. W., 2d Series, 1050.)

*M. M. Feagin, Baker, Botts, Andrews & Wharton,* and *S. H. German,* all of Houston, for plaintiffs in error.

*V. A. Collins,* of Livingston, and *Geo. H. Holland,* of Beaumont, for defendants in error.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

Judgment was rendered in this case by the trial court denying recovery to defendants in error, Mrs. Ellen Wells and others,

heirs of John Jones,—one of which was an heir also of Mrs. Levina Bailey—upon their action in trespass to try title to 160 acres of land in Polk County. The Court of Civil Appeals reversed and remanded the case. 78 S. W. (2d) 678. Upon application of W. T. Carter & Bro. writ of error was granted upon the importance of the question. Defendants in error will be referred to as claimants.

The principal question in the case involves the construction of Article 5510 of the Revised Statutes.

The Court of Civil Appeals held that claim of interest in and to an undesignated 160 acres arising by virtue of several years' possession under the statute referred to, was not impaired by the fact that prior to completing the required ten-year term the claimants had a survey made for the purpose of designating the specific 160 acres claimed.

The Carters contend that such action on the part of the claimants constitutes an abandonment of their claim, and that after the completion of the ten-year period, two and a half years of which was completed after the survey was made, they can not recover upon their ten-year limitation plea an undefined 160 acres. They contend also that the holding of the Court of Civil Appeals upon this question is in conflict with the holding of the Galveston Court in McCarty v. Johnson, 20 Texas Civ. App. 184, 49 S. W. 1098.

■ The holdings in the two cases are not in conflict. In the latter the claimant, Mrs. Johnson, when she entered upon the land, caused a tract of 160 acres to be surveyed and marked off. She took possession of the tract as thus defined, "and to it, alone, asserted claim." Judgment was rendered for her for an undefined 160 acres, regardless of her specific claim. This was correctly held to be erroneous. Judge WILLIAMS, speaking for the Court in so holding and in distinguishing the case from Bering v. Ashley, 30 S. W. 838, says:

"There the possessor's claim was an indefinite one, upon a larger tract than 160 acres, and the land to which his title matured was not a claim limited by metes and bounds. It often happens that the possessor *enters upon a claim to a specific tract,* * * * and asserts no claim beyond such survey. In such cases it has never been contended that he acquires more than the tract claimed, though it be less than 160 acres." (Italics ours.)

In the present case a family consisting of Isham Bailey, a minor about 16 years of age, his widowed mother, a younger brother, a sister and a little nephew, in 1878 moved into a par-

tially constructed log cabin situated on the Morgan League in Polk County. Isham's father died the year before, and Isham shortly thereafter gave his brother-in-law five dollars for some small improvements that he had made upon the place and moved in with his mother and the other members of the family. They completed the house and began clearing the land and doing pioneer improving generally. It is undisputed that from the time of entering upon the land and for about eight years thereafter the claim under which possession was held was to an undefined tract. In August, 1885, Isham married, gave whatever right or interest he had in the claim to his mother, and moved to another place. Mrs. Bailey and Isham's younger brother, Buddy, continued their possession until about 1891. After Isham moved away Mrs. Bailey and Buddy had a specific 160 acres surveyed and marked off so as to include the improvements and a part of the cleared field of about 25 acres adjacent thereto. The date of this survey is not definitely fixed by the evidence, but it is undisputed that it was made after Isham moved and before the ten-year period had been completed, that is, at some time between 1885 and 1891. It is undisputed also that Isham had no part in making the survey. The opinion of the Court of Civil Appeals is referred to for a full statement of the facts.

The foregoing facts distinguish this case from McCarty v. Johnson, supra. In the latter at the time of entry the claim sought to be matured by the claimant was to a defined tract, and in the former to an undefined tract. While the claimants in the present case pray in their petition for recovery of a defined tract, their pleadings are in the alternative, and they pray in the alternative for recovery of an undefined 160 acres to be selected by the court so as to include the improvements. The recovery prayed for alternatively is predicated upon the ten-year limitation statute as provided in Article 5510, R. S. 1925, the pertinent portion of which reads:

"Any person who has the right of action for the recovery of lands, tenements or hereditaments against another having peaceable and adverse possession thereof, cultivating, using or enjoying the same, shall institute his suit therefor within ten years next after his cause of action shall have accrued, and not afterward. The peaceable and adverse possession contemplated in this article, as against the person having right of action, shall be construed to embrace not more than one hundred and sixty acres, including the improvements or the number of acres actually enclosed, should the same exceed one hundred and sixty acres; * * *."

Louisiana & Texas Lumber Company v. Kennedy, 103 Texas 297, 126 S. W. 1110, is in point on the facts of the present case. Kennedy and wife filed suit to recover a designated 160 acres of land. The lumber company had title unless the Kennedys had acquired title by limitation of ten years. Three surveys of the land were made, first the Jones and later the Durst and Duren. Judge BROWN speaking for the Court says in stating the case:

"He [Kennedy] made no claim to any specific part of the land, but claimed 160 acres until 1897, when he employed one Jones, a surveyor, to run out and designate the limits of his claim. It is sufficient to say that Jones' field notes, as made out by him, included but little of the land now claimed by Kennedy, but Kennedy and his family testified that Jones actually run the lines so as to include Kennedy's improvements. The suit was instituted on the 12th day of April, 1907, and the land was described in the petition by the Jones field notes."

The court charged the jury to find for the Kennedys for the land, or such portion thereof which it might find they were claiming for ten years prior to the filing of the original petition and after February 14, 1888, provided it further found that they had possession of *some portion* of the land so claimed.

Judge BROWN after setting out the provisions of what is now Article 5510, supra, says:

"The question which we will first consider is, Had Kennedy the right to recover the particular land specified in the amended petition upon which he went to trial? By his actual possession Kennedy became entitled by limitation to 160 acres of land, but the only designation of boundary of such claim by the law is that it must include his improvements. The method prescribed by the statute by which the possessor can fix and determine the limits of the land himself is (1) by a claim under a written instrument duly recorded, or (2) by inclosing a quantity exceeding 160 acres. We find no authority in the statutes nor in the decisions of this State which would authorize the occupant of the land, after the completion of limitation, to arbitrarily survey and set apart for himself such portion of the land as he might choose. In the absence of any provision of the law for separating the land acquired by limitation from the body of the tract the parties would be left to such methods as would apply to any other joint owners or tenants in common of a tract of land, which would be by mutual agreement or by the decision of some court having jurisdiction to determine the matter. * * * while he [Kennedy] might have had a survey made and have based his suit upon it, it would not necessarily be the land to which he would be entitled. In order for him to recover upon such a survey it would

be necessary that it should appear to be a proper allotment of the land in justice to both parties. The court might adopt such a survey under proof like that, but nothing of that kind appears in this case."

The Court further held that, even assuming Kennedy had made a survey that was a proper allotment of the land in justice to the parties, the evidence did not support the judgment rendered because the Jones survey, which was described in the petition, lacked one day of being ten years old when the suit was filed.

The concluding statement of the opinion makes certain the holding of the Court that the making of a survey by the claimants defining and marking off prior to completing the ten-year period the 160 acres to which claimants desired to mature title and suing to establish title thereto, did not constitute an abandonment of their right to recover under the terms of Article 5510 an undefined 160 acres selected under the supervision of the court so as to include the improvements; and further that their continued possession after such survey may be tacked to the original possession to complete the period. The statement referred to reads:

"The right of Kennedy to recover upon a claim of possession without definite inclosure has not been presented in this case, except incidentally, and as the judgments of the district court and Court of Civil Appeals must be reversed and the cause remanded, the claim of Kennedy, if he has any under the statute by reason of occupation without definite boundaries, can be adjudicated. It is therefore ordered that the judgments of the district court and Court of Civil Appeals be reversed and the cause remanded."

It will be observed that the case for recovery of a designated 160 acres failed, but that the Court remanded the cause in order to afford the claimants an opportunity to make out their case upon a claim of possession without definite inclosure. It is indicative of the Court's view with respect to tacking the possession held after making the survey that the opinions of the Court of Civil Appeals (119 S. W. 885) and of this Court (103 Texas 297, 126 S. W. 1110) disclose it was necessary that such possession be tacked in order to complete the ten-year term.

Upon a retrial of the case, the trial court instructed the jury that if they should find for the Kennedys on the issue of ten years limitation, to return a verdict for them for 160 acres of land to be so surveyed out of the I. & G. N. Survey in question as to include their improvements. The Court of Civil Appeals

(142 S. W. 989, 991) in passing on the assignment alleging that such instruction was erroneous, says:

"The objection to this charge is that Washington Kennedy testified that he had always claimed the specific 160 acres surveyed off by Jones, Durst and Duren. The witness also stated that he claimed 160 acres of the land. *At any rate, even if he claimed the 160 acres of the Jones survey, if he failed to make good such claim, it would not deprive him of his right to 160 acres* to be surveyed for him by the court. This, we take it, was decided by the Supreme Court in their opinion in the case on the former appeal, also in Louisiana & Texas Lumber Company v. Stewart, 130 S. W. 203. The assignment can not be sustained." (Italics ours.)

The holding of this Court upon the question is placed beyond cavil by its refusal of an application for writ of error prosecuted from this holding.

Judge BROWN distinguishes Giddings v. Fisher, 97 Texas 184, 77 S. W. 209, on the facts and accounts for the language therein relied upon by the Carters, saying in this connection:

"The occupancy of a part of a survey without designated boundaries either by written instrument recorded or by inclosure as specified in the statute was not before the Court in that case, and the language used could have no applicability to such state of facts."

Kirby Lumber Company v. Conn, 114 Texas 104, 263 S. W. 902, also relied upon by the Carters, is in harmony with the Kennedy case. The case turned upon the holding that the "uncontradicted evidence repels the truth" of the sole finding that the claimant had held the specific tract designated in the pleading for the requisite ten years. Judge GREENWOOD, speaking for the Court, says:

"It can not avail to support the judgment for the specific 160 acres of land that there was evidence which might, under proper pleadings, have supported a recovery by Levias of some tract on the larger survey, to include the improvements made by him, with boundaries to be established by the court. Bering v. Ashley, supra."

■ The alternative pleadings of the claimants properly allege facts warranting recovery of an undesignated 160 acres. We are therefore in accord with the holding of the Court of Civil Appeals that the survey made by Mrs. Bailey some two years before the completion of the ten-year period did not constitute a suspension or abandonment of her claim to have set apart to

her 160 acres including her improvements. Louisiana & Texas Lumber Co. v. Kennedy, supra; Kirby Lumber Co. v. Conn, supra, in which the Kennedy case and Louisiana & Texas Lumber Company v. Stewart, 61 Texas Civ. App. 255, 130 S. W. 203, are cited with approval. By tacking the continued period of possession held after the survey was made by Mrs. Bailey the required ten-year term is more than completed.

■ We are in accord also with the holding of the Court of Civil Appeals that Isham Bailey was not estopped from testifying that his claim in entering upon the land and making improvements upon it and cultivating it, was to an undesignated 160 acres, notwithstanding he, some twenty odd years after he turned over his interest therein to his mother, conveyed by special warranty deed to Mrs. Lomax 160 acres out of the Morgan Survey which included the original improvements on the claim.

The land described in the deed was a designated 160 acres described by metes and bounds. Isham did not purport to convey a limitation title. In fact he could not have conveyed an undesignated 160 acres which at that time had not been segregated from adjoining lands as required by Article 5510. Mrs. Bailey had the survey made of the tract designated in the petition, and Isham had nothing to do with it. Furthermore Isham, as it now appears, owned by inheritance from his mother an interest in the land to which she subsequently matured title. Hence it appears from what has been stated that there was no necessary conflict of title such as was presented by the facts in Snow v. Starr, 75 Texas 411, 12 S. W. 673. Isham was not estopped to testify as to the nature and origin of the Bailey claim. It may be added that his testimony was introduced by the Carters without request to limit its application to the establishing of any particular fact.

■ We are in accord with the conclusion of the Court of Civil Appeals that the Carters were not estopped to invoke the Statute of Frauds as against the claim that Jones acquired title to the property when he and Mrs. Bailey exchanged lands by parol; also its conclusion that the Carters were not trespassers, since they were at most cotenants with the Bailey heirs.

■ The Court of Civil Appeals reversed the judgment of the trial court and remanded the case. The judgment remanding as well as reversing the case is correct notwithstanding the claimants sued as heirs of John Jones, the son-in-law of Mrs. Bailey. One or more of her heirs are among the claimants and are entitled to recover as such. Mrs. Bailey matured the limitation title, and John Jones neither matured title nor acquired

it after it was matured, as his brief occupancy after the "swap" was under a parol exchange of lands with Mrs. Bailey. Furthermore, since the claimants filed no application for writ of error it is necessary for the judgment of remand to stand, regardless of whether there is error in the judgment of the Court of Civil Appeals in not rendering judgment instead of remanding the case.

The judgment of the Court of Civil Appeals reversing the judgment of the trial court and remanding the case, is affirmed.

Opinion adopted by the Supreme Court June 30, 1937.

Rehearing overruled October 13, 1937.