**COLLINS v. PAGE et al.**

No. 3465.

Court of Civil Appeals of Texas.

Beaumont.

May 25, 1939.

Rehearing Denied June 7, 1939.

336

the Levi Dikes League in Polk County. On trial to the court without a jury, judgment was rendered in favor of appellee for the land in controversy on his plea of the statute of limitation of ten years. In support of his judgment, the trial court filed the following conclusions of fact:

"At the request of Attorneys for Defendant Melvin Collins, the Court files the following as his 'Findings of Facts' and 'Conclusion of Law',

### "Findings of Facts

"I find that M. J. Page moved from this land the First week in January 1894, and further find that the place was first settled by Warren Taylor who claimed an undefined One Hundred (100) acres to include the improved portion on which he resided and that he sold his One Hundred (100) acre claim to M. J. Page who immediately went into possession, claiming an undefined one hundred (100) acres to include the improvements on which he resided and that the said M. J. Page and Warren Taylor had occupied the premises, using, cultivating, and enjoying the same under an adverse hostile claim of right, claiming an undefined one hundred acres to include the improvements located thereon, for a period of more than ten consecutive years prior to the time M. J. Page moved from said premises in January, 1894, and that title had ripened in M. J. Page to an undefined 100 acres on the Levi B. Dikes League in Polk County, Texas, and that the improvements were located on the specific 100 acre tract described in Plaintiff's petition and the Court further finds that the specific 100 acres as described in Plaintiff's petition is a reasonable, just, fair and equitable partition of said land and is the specific 100 acres awarded to M. J. Page in the Judgment rendered in this cause.

"The Court further finds that any purported sale of said premises by M. J. Page was a verbal sale in violation of the Statute of frauds and passed no title.

"The Court further finds that said premises were not occupied for ten (10) consecutive years subsequent to January 1894, and that no title by limitation could possibly have ripened in Defendant, Melvin Collins, or those under whom he claimed subsequent to the time M. J. Page moved from said premises."

Before the expiration of the limitation period of ten years, appellee Page

Geo. E. Holland, of Beaumont, and R. H. Jones, of Livingston, for appellant.

M. M. Feagin, Campbell & Foreman, and E. E. Cochran, all of Livingston, for appellees.

WALKER, Chief Justice.

This was an action in trespass to try title by appellee M. J. Page, against appellant, Melvin Collins, and appellee West Lumber Company, to recover the title and possession of 100 acres of land, part of

had surveyed out on the ground the specific 100 acres of land in controversy. Though the original entry was made by Taylor, claiming an undivided interest of 100 acres in the league, during the last years of the limitation period the claim was confined to the specific 100 acres in controversy. This fact did not defeat appellee's limitation claim, but, as found by the court, he perfected a limitation claim to an undivided interest of 100 acres in the league. W. T. Carter & Bro. et al. v. Wells et al., 130 Tex. 189, 106 S.W.2d 1050, 115 A.L.R. 1293; Wells v. W. T. Carter & Bro. et al., Tex.Civ.App., 78 S.W.2d 678; Louisiana & Texas Lumber Co. v. Kennedy, 103 Tex. 297, 126 S.W. 1110. On grounds of equitable partition, as found by the court, appellee was awarded the specific 100 acres claimed by him. From what we have said it follows that we must overrule appellant's proposition that the conclusions of fact filed by the trial court were without support in the evidence.

On October 2, 1903, William Carlisle & Company, holding the record title to the Levi Dikes League, took a deed in writing from B. F. Stell and wife to the 100 acres of land in controversy; that deed contained the following fact recitations: "The tract of land hereby conveyed contains 100 acres and is the same land surveyed by W. H. Hill, July 22, 1890, for M. J. Page who settled upon said land in 1889, and said Page lived on said land until the year 1895, and said land has been occupied by Harris Gay, L. L. Richardson, M. L. Landers and B. F. Stell until the present time, who have claimed and owned the same."

On September 1, 1909, William Carlisle & Company conveyed the Levi Dikes League, with certain exceptions, to West Lumber Company. On October 1, 1928, West Lumber Company, by the same description, conveyed the Levi Dikes League to Kirby Lumber Company, reserving an undivided one-half interest in the minerals.

█ Claiming title to the 100 acres of land in controversy by purchase from the heirs of M. L. Landers named in Stell's deed to William Carlisle & Company, on November 16, 1933, appellant, Collins, filed suit in trespass to try title in the district court of Polk County against Kirby Lumber Company to recover the 100 acres of land now in controversy. On March 11, 1935, the Kirby Lumber Company filed its answer in that suit disclaiming title to the land sued for; on November 5, 1935, on the disclaimer final judgment was rendered in favor of appellant against Kirby Lumber Company for the 100 acres now in controversy.

The disclaimer of the Kirby Lumber Company, in the Polk County suit, rested on the following facts: On the 23rd day of April, 1934, McDonald Meachum, receiver for the Kirby Lumber Company, filed its suit in the district court of the United States for the Southern District of Texas, against appellee Page to recover the entire Levi Dikes League; on January 22, 1935, judgment by agreement was entered in that cause awarding appellee Page judgment against Kirby Lumber Company for the 100 acres of land now in controversy; so, not holding title on March 11, 1935, Kirby Lumber Company filed its disclaimer. Appellee was not made a party to the Polk County suit.

On the facts stated above, appellant contends, first, that, under his judgment against the Kirby Lumber Company, he acquired the superior record title as against the title awarded appellee in the Federal Court at Houston. This contention presents an immaterial issue; appellee did not recover in the case at bar on the strength of his judgment against Kirby Lumber Company, but upon a limitation claim, privy in no way with the Kirby Lumber Company title.

█ Appellant also claims that the recitations made by Stell in his deed to William Carlisle & Company made appellee privy with the title thus conveyed to William Carlisle & Company. That contention is denied. Prior to his verbal sale to Richardson, appellee had perfected in himself, as stated above, a title by limitation to the 100 acres; his verbal sale to Richardson was ineffective to pass that title.

██ But appellant says that the facts of this case were sufficient to take the verbal sale out of the statute of frauds, and to vest title in Richardson and those holding under him. That contention is denied. To take a verbal sale out of the statute of frauds, Vernon's Ann.Civ.St. art. 3995, three things must be shown: (a) payment of the consideration; (b) possession and claim by the vendee under the verbal sale; (c) valuable and permanent improvements upon the land, made by the vendee with the consent of the vendor and under the faith of the verbal sale. From the sale by ap-

pellee to Richardson in 1894 to the date of Stell's deed to William Carlisle & Company in 1903, those holding and claiming the 100 acres of land made no valuable and permanent improvements thereon; therefore the verbal sales were within the statute of frauds and were ineffective to pass title. Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 15 A.L.R. 216; Walker v. Hamilton, Tex.Civ.App., 42 S.W.2d 148; Turner v. Rogers, Tex.Civ.App., 106 S.W. 2d 1078.

On the facts found by the trial court, appellee Page had perfected in himself title by limitation to the 100 acres of land in January, 1894, when he delivered possession to Richardson; subsequent to 1894 those in possession did not perfect a title by limitation as against appellee's claim, and appellee, subsequent to January, 1894, did not sell, in the manner provided by law, the 100 acres. The title remained in him continuously, and judgment was properly entered in this cause in his favor on the 11th day of July, 1938, for the 100 acres of land.

It follows that the judgment of the lower court should be affirmed, and it is accordingly so ordered.

Affirmed.