**R. L. RICHARDSON, Appellant,**

v.

**B. W. ILEY, Appellee.**

No. 13109.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 30, 1957.

Rehearing Denied Feb. 27, 1957.

Elbert R. Jandt, Seguin, for appellant.

Miller & Dreyer, R. L. Miller, Gonzales, for appellee.

BARROW, Justice.

This suit was brought by R. L. Richardson against B. W. Iley and the Magnolia Petroleum Company for the recovery of an undivided one-eighth interest in the leasehold estate created by Charles Huff in an oil, gas and mineral lease, executed by Charles Huff to C. P. Ross, covering 123 acres of land out of the S. Shupe Survey in Caldwell County, Texas, and, in the alternative, for the recovery of the value thereof. The Magnolia Petroleum Company filed a plea of privilege and the case was dismissed by plaintiff in the court below as to such defendant.

The defendant Iley, after answering with various special exceptions, general and special denials, and further pleading the statute of frauds, as well as other defenses not material to this decision, filed a motion for summary judgment, which motion after a hearing was sustained and judgment entered thereon for the defendant.

188

The basis of appellant's suit is that he entered into a parol agreement with one R. L. Turner, then owner of the leasehold estate in controversy, who in turn assigned the same to appellee, by the terms of which agreement appellant was to acquire from Turner an undivided one-eighth working interest in the lease as his compensation for securing appellee as a purchaser.

■ Having carefully considered the entire record in this cause, we have reached the conclusion that appellant's suit is one for the enforcement of a parol agreement to convey an interest in an oil and gas lease, which in legal effect is an agreement to convey real estate, and therefore comes within the provisions of the Statute of Frauds. Art. 3995, Vernon's Ann.Tex.Civ. Stats. A suit may not be maintained on an oral contract which contemplates the sale or assignment of an interest in an oil and gas lease. 20 Tex.Jur. 273, § 63.

■ Viewing the facts in the light most favorable to the appellant, which we are required to do in reviewing a judgment based upon a summary motion, the following facts appear to be without dispute: Turner owned the lease in question. Appellant, Richardson, secured the purchaser thereof, appellee, Iley, and by the terms of a parol agreement with Turner was to receive from Turner, as compensation for said service, a one-eighth working interest in said lease. Appellee, Iley, knew of said agreement at the time of purchasing the lease from Turner. It is not contended that appellant furnished any part of the purchase price which appellee paid to Turner as consideration for the lease, so as to make him a joint purchaser, nor is it contended that appellant ever went into possession of the real estate conveyed or made any permanent and valuable improvements thereon.

■ Since the early case of Hooks v. Bridgewater, 111 Tex. 122, 299 S.W. 1114, 15 A.L.R. 216, it has been the settled law of this State that to relieve a parol sale of land from the operation of the statute of frauds three things are necessary. First, payment of the consideration, whether it be in money or service, second, possession by the vendee, and third, the making by the vendee of valuable and permanent improvements on the land, with the consent of the vendor; or without such improvements the presence of such facts as would make the transaction a fraud upon the purchaser if it were not enforced. The case of Hooks v. Bridgewater has been followed by an almost unbroken line of authorities to the present date.

In the case of Upson v. Fitzgerald, Tex. Com.App., 129 Tex. 211, 103 S.W.2d 147, 150, Justice Hickman speaking, it is held:

"Generally, when a court is called upon to enforce a plain, valid statute, it gives no consideration whatever to the question of whether its enforcement appears to work an injustice in the case before it. To determine the wisdom vel non of a statute is not a judicial function. 'Equity follows the law,' is a familiar maxim. With respect, however, to this particular statute, there has arisen a doctrine, recognized in our jurisdiction, that courts of equity will not enforce same, when to do so plainly works a positive fraud. Where the consideration has been paid but nothing more done, it does not work a fraud to refuse to enforce an oral contract for the sale of land, since the value of the consideration may be recovered in an action at law on a quantum meruit."

When each and all of the three indispensable elements are not present, a parol agreement for the sale of land falls within the statute of frauds and cannot be enforced.

■ Appellant contends that appellee is a stranger to appellant's contract with Turner and cannot invoke the statute of frauds. We overrule this contention. A grantee may set up the statute as against one who claims title under an oral contract

with the grantor. Sanborn v. Murphy, 86 Tex. 437, 25 S.W. 610, affirming 5 Tex. Civ.App. 509, 25 S.W. 459; Wells v. W. T. Carter & Bro., Tex.Civ.App., 78 S.W.2d 678, affirmed 130 Tex. 189, 106 S.W.2d 1050, 115 A.L.R. 1293.

Having reached the conclusion that the statute of frauds affords a complete bar to appellant's right of recovery, there is no genuine issue of fact remaining in this case for decision. The trial court correctly disposed of the case by rendering a summary judgment for the defendant.

Finding no error, the judgment is affirmed.