The first question presented is, whether this remaining interest for the term of one year can be surrendered by a parol agreement. The statute declares that "no estate or interest in lands other than leases for a term not exceeding one year, nor any trust, or power over or concerning lands, or in any manner relating thereto, shall hereafter be created, granted, assigned, surrendered, or declared, unless by act or operation of law, or by deed or conveyance in writing, subscribed by the party creating, granting, assigning, surrendering or declaring the same, or by his lawful agent thereunto authorized by writing." (2 R.S., p. 134, § 6.) The statute has reference to the actual estate or interest which is to be surrendered. When it excepts leases for one year, it refers to the estate or interest of the tenant; to his estate for a year; and not to the form of the lease by which that interest or estate is created or secured. In order to secure the true intent and spirit, we must regard this as only a lease for a year. So far as the estate or interest remaining under the lease is concerned, it is a lease but for a year. The referee, therefore, was wrong in holding that this remaining term for a year in a three years' lease could not be surrendered by parol, and in overruling the defendant's defence upon this ground. If the judgment of the referee be held to have proceeded upon this ground alone, there can be little *Page 365 
doubt, it seems to me, that it was erroneous, and that the Superior Court were right in reversing it.
This brings us to the only remaining question in the case; and that is, whether the referee overruled this defence because he found the fact that there was no actual parol surrender. It was held at the general term that he did; and this, it seems to me, was clearly right. I know it is stated, in the finding of facts, that the term had not been surrendered; but we must construe this statement in the connection in which it stands. Now, the fact which precedes this statement, and which forms a part of the same sentence, is, that the lease was for a term exceeding one year; and, if we pass from this to the conclusion of law found by the referee, we find it to be, in substance, that the lease, being for a term exceeding one year, could not be surrendered by parol; and to this finding the defendant excepted.
Now it is nowhere stated in the conclusions of law, that this defence could not be sustained, because there was no parol surrender in fact. Nor is any reason assigned by the referee for the judgment which he gave. It seems to me, therefore, that we must construe this statement in the finding of facts, "that thelease had not been surrendered," taken in the connection in which it stands, as meaning nothing more than that there had been no surrender because a lease for a term exceeding one year could not be surrendered by parol.
If I am right in these views, it follows that the court at general term was right in reversing the judgment of the referee and ordering a new trial; for where the conclusion of law drawn from the facts by the referee is erroneous, the judgment cannot be sustained; and it must appear that the facts found justify the judgment, where there is an exception taken to the conclusion of law, which the referee has drawn from the facts. The order granting a new trial must be affirmed, and final judgment be given for the defendant on this stipulation.
All the judges concurring,
Order affirmed, and judgment found for defendant. *Page 366