# Whelen *v.* Laird, Appellant.

*Landlord and tenant—Rescission of lease—Parol agreement.*

1. An estate in lands for a term not exceeding three years created by a written lease may be released by a parol agreement to rescind the lease, and an agreement of this character is valid which provides for an expiration of the tenancy at a future time, within the term, the physical possession of the property to be surrendered at the time agreed upon.

2. Where a tenant under a two years' written lease desires to vacate at a time prior to the expiration of the term, and procures a new tenant at an increased rent for the balance of the term, and the landlord orally agrees through his agent to accept the new tenant in place of the old, and to release the old tenant, and assures the old tenant that it is safe for him to rent another house, and the tenant on the strength thereof rents another house and vacates the premises at the time agreed, the landlord cannot refuse to accept the surrender of the premises at such time, and hold the old tenant liable for rent subsequently accruing.

Argued Oct. 13, 1913. Appeal, No. 53, Oct. T., 1913, by defendant, from order of C. P. No. 2, Phila. Co., June T., 1912, No. 1,373, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Sarah Y. Whelen v. John L. Laird. Before Rice, P. J., Henderson, Morrison, Orlady, Head and Porter, JJ. Reversed.

Assumpsit for rent.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Frank G. Sayre,* for appellant.—Agreements to rescind leases are recognized as valid by the decisions and enforced, and such agreements may be by parol if the lease was for less than three years: Kiester v. Miller, 25 Pa. 481; Greider's App., 5 Pa. 422.

A lease can be rescinded, possession to be given by the tenant in futuro. An immediate surrender of the premises is not required: McKinney v. Reader, 7 Watts, 123; Tate v. Reynolds, 8 W. & S. 91.

There was ample consideration to support the rescission: Goldsmith v. Schroeder, 93 N. Y. App. Div. 206.

If there is any doubt as to the effect or inference to be drawn from the acts or conduct of the parties upon the question of rescission and surrender, the case should be submitted to the jury: People's Sav. Bank v. Alexander, 140 Pa. 22; Milling v. Becker, 96 Pa. 182.

The fact that the lease was under seal makes no difference, as a lease under seal for less than three years may be rescinded by parol: Tate v. Reynolds, 8 W. & S. 91; Wilgus v. Whitehead, 89 Pa. 131; Allen v. Jaquish, 21 Wend. 628.

The fact that actual possession was not to be surrendered immediately is no objection. All oral rescissions must necessarily be followed at a later period by actual physical surrender of the premises, and if the rescission agreement is valid, the landlord is bound to accept the premises when physically surrendered. Otherwise the doctrine of oral rescission is absolutely useless: Mundy v. Warnen, 61 N. J. L. 395 (39 Atl. Repr. 697); Riddle v. Mellon, 147 Pa. 30.

*Samuel H. Kirkpatrick,* with him *Joseph G. Lester,* for appellee.—The affidavit of defense nowhere sets up any acceptance by the owner of surrender of the premises, and therefore the tenant is still bound for the

rent: Edmundson v. Singer Sewing Machine Co., 51
Pa. Superior Ct. 545.

OPINION BY PORTER, J., April 20, 1914:

The plaintiff, through her agents, B. B. Lister & Son,
by a written lease, leased to the appellant a dwelling
house, for the term of two years from April 1, 1911, at
$55.00 per month, payable monthly in advance.   Laird
entered into possession under the lease and continued to
occupy the house until April 25, 1912, when he removed
from the premises, having paid the rent in full up to May 1,
1912.   The plaintiff, in June, 1912, brought this action al-
leging the right to recover, under the provisions of the
lease, two months' rent.   The appellant filed an affidavit
of defense which the court below adjudged insufficient and
made absolute a rule for judgment.   The defendant ap-
peals from the judgment so entered.

The affidavit of defense averred that, in February,
1912, the defendant informed plaintiff's duly authorized
agents, B. B. Lister & Son, that he desired to move
and be released from liability on this lease for the bal-
ance of the term; and that it was agreed between them
that the defendant should attempt to procure a new
tenant for the property at an increased rental of $5.00 per
month, and that thereupon said agents would submit the
matter to the plaintiff; that deponent procured a party
willing to take the property at the increased rental, and so
informed plaintiff through her agents, who agreed to con-
sult the plaintiff in relation to the same.   The affidavit
then proceeds with the following distinct averment: "On
or about March 13th, 1912, deponent informed plaintiff's
agents that he had an opportunity to rent a desirable
property in town and must know whether it was safe
to rent the same, and that said plaintiff, through her
duly authorized agents, B. B. Lister & Son, informed
deponent that she consented to the arrangement, that
it was all right and safe for him to rent the new house,
and released the deponent from his lease from the first

day of May, 1912, and agreed to rent said premises to said C. Stuart Patterson, Jr., and accept him as tenant in place of deponent from the first day of May, 1912, and deponent agreed thereto and agreed to surrender possession of the premises to plaintiff on May 1, 1912. That on the faith of said agreement and release deponent then rented another property. . . . That on March 17th, 1912, deponent received from plaintiff's duly authorized agents, B. B. Lister & Son, a letter bearing date March 16th, 1912, stating that they had made definite arrangements to lease said premises to Mr. Patterson from May 1st, 1912." The affidavit further averred that the plaintiff through her duly authorized agents agreed with C. Stuart Patterson, Jr., to rent said premises to him at $60.00 per month for the term of one year from May 1, 1912, and the said C. Stuart Patterson, Jr., agreed to lease said premises on said terms. It further averred that plaintiff afterwards refused to accept the said C. Stuart Patterson, Jr., as tenant, "and so notified deponent, but deponent was not informed and had no knowledge of this refusal and notice until after he had acted upon the faith of the said agreement and had executed the lease for another property."

An estate in lands for a term not exceeding three years, created by a written lease, may be released by a parol agreement to rescind the lease, and an agreement of this character is valid which provides for an expiration of the tenancy at a future time, within the term, the physical possession of the property to be surrendered at the time agreed upon: Kiester v. Miller, 25 Pa. 481; Mundy v. Warnen, 61 N. J. Law, 395. The defendant may have difficulty in proving the facts averred in the affidavit, including the alleged authority of the agent of the plaintiff, but for present purposes we must accept the facts to be as stated. If Lister & Son, as agents of plaintiff, possessed the authority and made the contract alleged in this affidavit, then the

defendant, having surrendered possession according to the terms of the contract, was released from liability for rent after the first day of May, 1912.   We are of opinion that this affidavit was sufficient to prevent a summary judgment and entitled the defendant to a jury trial.

The judgment is reversed with a procedendo.