Lawton, Appellant, *v.* DeAngelo.

Argued March 22, 1951. Before RHODES, P. J., HIRT, RENO, ROSS, ARNOLD and GUNTHER, JJ. (DITHRICH, J., absent).

*William Taylor, Jr.,* with him *Holl, Taylor and Holl,* for appellant.

*Guy G. deFuria,* for appellee.

OPINION BY ROSS, J., August 22, 1951:

This is an action of assumpsit brought by J. Edward Lawton and Jennie R. Lawton, his wife, lessors of a stone quarry under the terms of a written lease, for the recovery from defendant-lessee of rent which they allege is owing to them under the terms of the lease.

Defendant's answer was one of confession and avoidance. He admitted execution of the lease and his possession of the quarry under it, then interposed the affirmative defense of acceptance by the lessors of his oral surrender of the lease.

A trial in the court below resulted in a jury verdict in favor of defendant. Plaintiffs' motion for judgment n.o.v. having been dismissed, they have appealed to this Court.

Plaintiff-appellants, on August 16, 1947, leased to defendant, for a term of one year, at a stipulated

monthly rental, a quarry in Springfield Township, Delaware County, located at a distance of about 300 feet from the water works of the Philadelphia Suburban Water Company, which quarry they owned as tenants by entireties. After defendant had been in possession of the premises for a month, the heavy detonation of dynamite in connection with blasting operations seemed to threaten damage to the equipment of the water company nearby, and the latter appealed to the district attorney of Delaware County to intercede. A conference was held in the district attorney's office on September 18, 1947, at which both parties to this litigation, the assistant district attorney, and representatives of the water company were present. The assistant district attorney testified that, after discussion of the problem, he "told them [the parties] there could be no further operation of the quarry which would endanger the entire water supply of eastern Delaware County". Defendant then discontinued operations, and plaintiffs seek to hold him liable for $820, representing the unpaid rent for ten months under the terms of the lease.

An estate in lands for a term not exceeding three years, created by a written lease, may be released by a parol agreement to rescind the lease (*Whelen v. Laird*, 56 Pa. Superior Ct. 489) and the Statute of Frauds in Pennsylvania does not preclude an implication of such surrender.

In the surrender of a lease, as in any contract, the intention of the parties governs. The sole issue in this case is whether or not there was evidence of an intention on the part of the lessors to accept the lessee's surrender of the lease. This was a question of fact to be determined by the jury from the evidence adduced at the trial. *Breuckmann v. Twibill*, 89 Pa. 58; *Brill v. Haifetz*, 158 Pa. Superior Ct. 158, 44 A. 2d 311.

Appellants contend that the burden of proving the lessors' acceptance of surrender of the lease by an express agreement or an unequivocal act of the parties is upon the lessee. With this contention we agree. However, in considering a motion for judgment n.o.v. by the plaintiff, all the evidence and inferences favorable to the defendant must be taken as true and all unfavorable to him, if depending solely on testimony, must be rejected. *Berry v. Eastman,* 156 Pa. Superior Ct. 349, 40 A. 2d 102; *Glennon v. Ostroff,* 147 Pa. Superior Ct. 182, 24 A. 2d 29.

Appellants' contention that the mere acceptance by the husband-lessor of the key to the building on the leased property which was used in connection with the quarry, when the key was returned by the lessee-defendant, was not *conclusive* evidence of acceptance of surrender by the wife-tenant by entireties, while a true statement of the law insofar as the argument goes, strikes at but one phase of the pertinent evidence. The record discloses other competent evidence from which the jury might have, and presumably did, find proof of acceptance of surrender of the lease by both husband-and wife-appellants. Karl W. Johnson, assistant district attorney, in answer to the question, "Did Mr. and Mrs. Lawton agree at that time [of the meeting] that there would be no further operation of the quarry?" testified, "That was the consensus of opinion of *all* parties at the time . . ." (Italics supplied.) The defendant testified: "Q. Was there any talk about whether the quarry could operate or should shut down? A. Mr. Johnson insisted the quarry shut down because it jeopardized the entire county. We all agreed to shut down . . ." He further testified that when the parties "talked it over" after the meeting, the husband-appellant, in the presence of his wife, stated to him that discontinuance of operation of the quarry "was going to deprive him of income". Appellants' contention thus

overlooks the fact that there is positive evidence in the record of the wife's presence at the meeting in the district attorney's office and of her agreement, with the others, to discontinue operation of the quarry.

The refusal of the court below to enter judgment n.o.v. is the only ruling to be reviewed (*Pinto v. Bell Fruit Co., Inc.,* 148 Pa. Superior Ct. 132, 24 A. 2d 768) and the question involved is whether, viewing the evidence in the light most favorable to defendant, there is sufficient competent evidence to support the lower court's refusal of appellants' motion for judgment n.o.v. After a careful examination of the record, we are satisfied that the learned trial judge properly refused the motion.

Judgment affirmed.