## ELAM v. BARRETT.

### No. 15315.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 25, 1952.

Coleman Cline, of Fort Worth, for appellant.

Ross Hardin, of Fort Worth, for appellee.

CULVER, Justice.

This appeal is from a judgment awarding appellee an undivided 12½% interest in and to a certain technical trade school, a partnership, and all of its assets, both real and personal.

On the 20th day of June, 1949, one Heath, who at that time owned at least a 37½% interest in the school, and the appellee executed a written contract, by the terms of which the appellee purchased from Heath a 12½% interest in the trade school in consideration of the sum of $2,-000 paid to him in cash. On the 31st day of January, 1950, Heath conveyed to appellant "all of my undivided interest in and to said trade school, together with the personal property herein described." Appellee sued appellant to. establish her interest in the school and for the net profits that had accrued.

Appellant entered a general denial and plead that he was an "innocent purchaser" without knowledge of plaintiff's claim.

The jury found, in answer to special issues, that Heath sold to appellee a 12½% interest in the school and that appellant had actual knowledge of this sale prior to his purchase from Heath. It appears that the school owned the land and the building which housed its activities, though no deeds were introduced showing title.

■ Appellant asserts that this cause should be reversed for the reason that "appellee acquired by no instrument in writing any interest in the property in controversy, and then, if she did, failed to place appellant on notice of her interest prior to appellant purchasing the remaining interest of his partner." The gist of appellant's point, though not stated concisely as required by Rule 418, Texas Rules of Civil Procedure, seems to be that there was no description of the real estate set forth in the contract and therefore it could not serve to convey any interest in that portion of the school's assets. It would appear that the appellant is in no position to complain, inasmuch as the conveyance from Heath to him, on which he relies, does not by its terms describe or mention any real estate and concludes with this sentence, "It is intended hereby to convey all of my undivided interest in and to all of the above described personal property."

■ The defense of the statute of frauds must be interposed by special exception or by special plea or by objection to the testimony. This, the appellant failed to do. Rule 94 T.R.C.P.; Enfield Realty & Home Building Co. v. Hunter, Tex.Civ.App.; 179 S.W.2d 810; Masten v. Masten, Tex.Civ. App., 165 S.W.2d 225.

■ The finding by the jury that appellant did have actual notice of the sale to appellee prior to his purchase from Heath effectively disposes of his claim that he was an "innocent purchaser."

■ In his second point, appellant complained of improper argument on the part of counsel in the following language: "The reason that he wants you to answer special issue No. 2 'no' is because if you answer No. 1 'yes'. and No. 2 'no', it will force A. B. Heath to pay this lady rather than Mr. Elam." On appellant's objection, the court instructed the jury not to consider these remarks. The jury certainly must have known in this simple factual case what the effect of their answers to special issues would be and we can see no prejudice or harm done to the appellant by these remarks, especially in view of the instruction promptly given by the court. "In the absence of anything to show that there was anything in the argument to arouse sympathy for appellee or prejudice against appellant, the court would not be justified in assuming that the findings of the jury, * * * were affected by improper argument." 3B Tex.Jur., Appeal and Error, Par. 910; Oilmen's Reciprocal Ass'n v. Hayes, Tex.Civ.App., 295 S.W. 675; Houston Electric Co. v. Potter, Tex. Civ.App., 51 S.W.2d 754.

Both points assigned by appellant are overruled and the case is hereby affirmed.