James E. RILEY, Appellant,

v.

Helen B. Merrifield GRAY et vir., Appellees.

No. 3226.

Court of Civil Appeals of Texas.

Waco.

Jan. 27, 1955.

172

Frank B. Brooks, Jr., Waco, for appellant.

John B. McNamara, Jr., Waco, for appellee.

HALE, Justice.

Appellant, doing business as Arthur Murray School of Dancing of Waco, Texas, sued appellees to recover on a promissory note alleged to have been executed and delivered to him by appellee, Mrs. Gray, prior to the time of her marriage. Appellant set forth in his petition a verbatim copy of the demand note sued upon, alleging that he was the owner thereof and that, although demand had been duly made for its payment, appellees had failed and refused to pay the same.

Appellees answered the petition of appellant with special exceptions numbered one, two and three, asserting thereby that the court ought not to take further cognizance of the action than to dismiss the same, because (1) "the written instrument upon which plaintiff's pleading is founded is wholly without consideration," (2) "the consideration for the written instrument upon which plaintiff's pleading is founded has failed" and (3) "the written instrument upon which plaintiff's pleading is founded is illegal, unlawful and in violation of the laws of Texas, and therefore void." Without waiving the foregoing special exceptions and in the due order of pleading, appellees further answered the petition of appellant with a general denial and with certain affirmative defenses, alleging in substance that "the written instrument set out in plaintiff's said petition is not the whole written memorandum executed by plaintiff and Helen B. Merrifield Gray" and that by reason of the provisions of the additional contract, the note sued upon was without consideration and was illegal and void.

The judgment appealed from recites that the cause came on regularly for hearing before the court without a jury, and that the court "after hearing the pleadings, the evidence adduced and the remarks of counsel, and being in all things fully advised, is of the opinion that defendants' special exceptions should be sustained and plaintiff's suit dismissed." The judgment then decrees "that defendants' special exceptions No. one, two and three be, and the same are hereby sustained and plaintiff's suit be, and it is hereby dismissed."

Appellant predicates his appeal upon the contention that the court below erred in sustaining the special exceptions of appellees and in dismissing his suit without a trial of the same on its merits. We are constrained to agree with this contention.

Appellees did not point out any defect, omission, obscurity, duplicity, gener-

ality, or other insufficiency in the allegations contained in the trial petition of appellant as required by Rule 91, Texas Rules of Civil Procedure. It does not appear from the trial petition of appellant that the note upon which he sues is without consideration, that the consideration for such note has failed, or that the same is in any manner illegal. On the contrary, the note appears to be regular in form and recites that the promise to pay, as therein contained, is "for value received." It has long been the rule of practice in this State that a "speaking" demurrer or exception, that is, one which contains or relies on allegations of fact other than those in the pleading objected to, is bad and should not be sustained. Pyle v. Park, Tex. Civ.App., 196 S.W. 243; Cudahy Packing Co. v. Missouri, K. & T. Ry. Co., Tex.Civ. App., 206 S.W. 854, er. ref.

Furthermore, Rule 94, T.R.C.P., relating to affirmative defenses, requires that "in pleading to a preceding pleading, a party shall set forth affirmatively * * * failure of consideration, fraud, illegality, * * * and any other matter constituting an avoidance or affirmative defense." Although appellees attempted to raise their defenses of failure of consideration and illegality by special exceptions, they also affirmatively plead these defenses in avoidance of the liability which appellant sought to impose upon them, as it was their duty to do if they wished to rely upon such defenses. Gieb v. Goebel Brewing Co., Tex.Civ.App., 176 S.W.2d 975, pt. 2, er. ref. w. m.; Wright v. Robert & St. John Motor Co., 122 Tex. 278, 58 S.W.2d 67; Wilde v. Liedtke, Tex.Civ. App., 231 S.W.2d 1009, pt. 1 and authorities.

Appellees say in their brief that the additional contract alleged by them in their answer was introduced in evidence before the trial court, that the case was, in fact, tried upon its merits in the court below and that their pleaded defenses were established by the evidence. The transcript of the record contains a bill of exception which shows that appellant did introduce certain evidence at the hearing which was had in the court below and that "after the plaintiff's attorney had interrogated the plaintiff on direct examination and the defendants' attorney had cross examined plaintiff, and while the plaintiff's attorney was examining said plaintiff under re-direct examination, the court announced to both attorneys that he had decided how he would rule on the defendants' exceptions, and asked both attorneys to come into his chambers and at that time the court entered the judgment to which the plaintiff excepts. The above hearing was not on the merits."

We do not know what evidence was adduced in the court below because the record does not contain any statement of facts. But, for the purposes of this appeal, the nature or extent of the evidence that might have been introduced in the trial court is wholly immaterial and could have no proper bearing upon the refusal of the court to take further cognizance of the action than to sustain appellees' exceptions to the petition of appellant and dismiss the cause. Not only did the trial court certify in the bill of exception above referred to that there was no trial of this case on its merits, but the judgment sustaining the special exceptions of appellees was a decree of dismissal, rather than a take nothing judgment on the merits of the case.

Having concluded that the trial court erred in sustaining the special exceptions of appellees and in dismissing the suit of appellant without a trial of the case on its merits, the judgment appealed from is reversed and the cause is remanded to the court below for further proceedings not inconsistent with the views herein expressed.