**Angel REYES, Appellant,**

**v.**

**Mrs. Floyd SMITH, Appellee.**

No. 10371.

Court of Civil Appeals of Texas.
Austin.

Feb. 15, 1956.

On Motion for Rehearing March 14, 1956.

Second Motion for Rehearing Denied
April 11, 1956.

B. P. Traynor, Austin, for appellant.

Ferguson & Ryan, Austin, for appellee.

ARCHER, Chief Justice.

Mrs. Floyd Smith, appellee, sued Angel Reyes, appellant in the court below, to recover the last five months' rent alleged to be due under a lease contract dated January 29, 1952 of a dwelling house located at 901 West 24th Street, Austin, Texas, and for attorney's fees for the collection thereof as provided in said contract. The lease was for an original term of sixteen months beginning February 9, 1952 and terminating June 9, 1953 for a total rental for said term of $1,280, payable at the rate of $80 per month in advance beginning February 9, 1952, all payments to be made to lessor at Buratti & Montandon Company, 719 Colorado Street, Austin, Texas.

Mrs. Smith also sued Mr. Reyes for damages alleged to have been done to the demised premises over and above ordinary wear and tear and for exemplary damages.

The appeal is before this Court on two points and are:

"The error of the court in rendering judgment for plaintiff for $326.00 damages for breach of contract and $32.60 attorney's fees notwithstanding the verdict of the jury on Special Issue No. 5 and in refusing to enter judgment on the verdict of the jury.

"The error of the court in permitting plaintiff to interpose the defense of the statute of frauds in avoidance of her agreement to cancel the lease contract sued upon."

The case was submitted to the jury on five issues.

The first issue inquired if the defendant inflicted damages on the property over and beyond that which might result from normal wear and tear and the jury answered this issue in the affirmative.

In reply to Special Issue No. 2 the jury found that such damage was not inflicted with malice, and in response to Special Issue No. 3 the jury fixed the damages at $250. No exemplary damages were allowed.

Special Issue No. 5 and the jury's answer is as follows:

"Do you find from a preponderance of the evidence that on or about the

latter part of the month of October, 1952, the plaintiff, Mrs. Floyd Smith, agreed to cancel the lease involved in this cause? Answer this Special Issue Yes or No.

"Answer: Yes."

The plaintiff, appellee herein, filed motion for judgment non obstante veredicto on the grounds:

"1. That the purported rescission was by parol, not evidenced by any instrument of writing. That the contract sued upon was one coming within the purview of the statute of frauds, and under the decisions of our state, such contracts may not be rescinded by parol.

"2. That the contract of rescission, if any, was not supported by any valuable consideration passing from the defendant to plaintiff, and under the basic law of contracts, such consideration is essential to the validity of a rescission of the contract in question.

"That because of such undisputed and uncontradicted evidence, no issue of fact was raised for the submission to the jury of Special Issue No. 5, and that a directed verdict for the plaintiff upon this question would have been proper and should have been given."

The prime question for determination is: Can a written contract for the lease of lands for more than a year be rescinded by parol evidence during the last year of such lease tenure?

The contract between the parties was for a term of sixteen months beginning February 9, 1952 and terminating June 9, 1953 for a total rental of $1,280. The rental was payable in advance at the rate of $80 per month.

The appellant vacated the premises on November 14th, 1952, claiming that by a parol agreement the appellee rescinded the rental contracts as of November 9, 1952 and released him from all obligations under the lease, and in pursuance thereto appellant surrendered the premises to appellee.

Plaintiff by her second amended original petition filed a special exception, to wit:

"Special Exception No. 1: Plaintiff specially excepts to those allegations contained in Paragraph VI of defendant's first amended original answer to the effect that plaintiff agreed to release defendant from his obligations under the contract sued upon herein for the reason that defendant does not allege that such purported agreement and release is evidenced by an instrument of writing, and hence, such alleged agreement and release, if not in writing, is insufficient in law to avoid such contract and does not constitute any defense to plaintiff's suit because said contract has been held on the first pretrial hearing in this cause to be a contract coming within the purview of Art. 3995, V.A.[C.]S., commonly referred to as the Statute of Frauds, and contracts coming within the scope of said statute may not be modified or rescinded by parol, and plaintiff says, therefore, that said paragraph VI should be stricken from said answer, and of this special exception plaintiff prays judgment of the Court."

The court overruled this as well as all other special exceptions of the plaintiff, to which ruling the plaintiff then and there in open court excepted.

The trial then followed. The appellant stipulated that he did not pay rent for December 1952, or for January, February, March and April of 1953.

The appellant testified that he contacted appellee late in October and in early November 1952 in an effort to get out of the lease, and at first appellee refused but later released him and instructed him to mail check to her named agents, and that he called the agents. The witness testified that he paid the rent for November and also surrendered any claim to the deposit for the last month and noted on the check that:

it was last payment on house, as per agreement with Mrs. Smith. The check was cashed by the agents for account of appellee.

Mrs. Smith, appellee, testified that she never saw the check with the notation last month's rent; that she received payments for the rent from her agents; that Mr. Reyes came to see her and wanted to break the contract but she would not agree; that when he left he said "I will see my lawyer." That at no time did she agree to rescind the lease.

■ We believe that, by her special exception, appellee preserved her point to the effect that parol evidence may not be used to modify or rescind a written contract for a lease of lands, even when less than one year of the original term of the lease remains, and that the court properly entered judgment for appellee, notwithstanding the verdict of the jury in answer to special issue No. 5, since as a matter of law, the lease contract, being within the purview of the Statute of Frauds, could not be rescinded by parol evidence. Cosey v. Supreme Camp of American Woodmen, Tex.Civ. App., 103 S.W.2d 1076, error dismissed.

■ The language of the contract for the lease of the premises is plain and unambiguous and cannot be modified by parol agreement. Article 3995, V.A.C.S. Gardner v. Sittig, Tex.Civ.App., 188 S.W. 731, affirmed, Tex.Com.App., 222 S.W. 1090; Levine v. Finkelstein, Tex.Civ.App., 80 S.W.2d 360; Robertson v. City Nat. Bank of Bowie, Tex.Com.App., Sec. B, 120 Tex. 226, 36 S.W.2d 481.

■ We are unwilling to hold that a written contract for the lease of land and premises for a period stated of more than one year does not in fact include the last six months of such term. Written contracts, within the Statute of Frauds, begin, continue and end with the dates and terms therein set out. Sanborn v. Murphy, 5 Tex. Civ.App. 509, 25 S.W. 459, affirmed 86 Tex. 437, 25 S.W. 610 by the Supreme Court; Hargrove v. Edmont Hotel Co., Tex.Civ. App., 125 S.W.2d 415.

■ We have been favored with well prepared briefs with many authorities from other jurisdictions construing the Statute of Frauds in such States. No Texas case, other than those cited herein and cases cited in such, have been pointed out but we believe that the authorities and the statute herein set out are sufficient to sustain our position, and the general rule that a contract which is in writing in accordance with the statutory requirements may not be modified or rescinded by subsequent oral agreement between the parties, and parol evidence is inadmissible to affect such a contract or to vary any provison of it. 20 Tex.Jur., Sec. 6, p. 213; Robertson v. Melton, Tex.Com.App., 131 Tex. 325, 115 S.W.2d 624, 118 A.L.R. 1505; Chalk v. Daggett, Tex.Com.App., 257 S.W. 228.

We believe that appellee sufficiently plead the Statute of Frauds in her petition. She raised the issue by special exception and when the trial court overruled her exception she duly excepted to such ruling and preserved her rights to rely on the statute in an appeal.

■ The defense of the Statute of Frauds must be interposed by special exception or by special plea or by objection to the testimony. Elam v. Barrett, Tex.Civ. App., 245 S.W.2d 765; American Cent. Life Ins. Co. v. Alexander, Tex.Com.App., Sec. A, 56 S.W.2d 864.

The judgment of the trial court is affirmed.

Affirmed.

HUGHES, Justice (concurring).

Appellant cites 49 Amer.Jur. p. 625 and 37 C.J.S., Frauds, Statute of, § 114, p. 607, to the effect that rescission of a lease within the Statute of Frauds must be in writing unless, at the time of rescission, the unexpired term of the lease is less than that required by the statute to be in writing.

Examination of the authorities cited in those texts reveal:

In Pennsylvania, Lawton v. De Angelo, 169 Pa.Super. 380, 82 A.2d 900, it is held

that a written lease which does not have more than a three year unexpired term may be rescinded by a parol agreement. This decision seems to turn upon statutes of that State not set forth in the opinion and which have not been read.

In West Virginia, Weaver v. Trembly, 126 W.Va. 802, 30 S.E.2d 242, where the law is that a written executory contract for the sale of land may be rescinded by parol if "something [is] done by way of execution of the rescission" it is reasoned that a written lease may be rescinded by parol. The premise of this case is not the law in Texas. Dial v. Crain, 10 Tex. 444.

Wisconsin, in Garrick Theatre Co. v. Grimbel Bros., 158 Wis. 649, 149 N.W. 385, follows the New York construction of a statute identical with its own.

There are several New York cases, the leading one being Smith v. Devlin, 23 N.Y. 363. The lease there was for three years and the suit was for part of the rent for the third year the defense being that the lease for that year had been discharged by agreement. We quote from the opinion:

"The first question presented is, whether this remaining interest for the term of one year can be surrendered by a parol agreement. The statute declares that 'no estate or interest in lands other than leases for a term not exceeding one year, nor any trust, or power over or concerning lands, or in any manner relating thereto, shall hereafter be created, granted, assigned, surrendered, or declared, unless by act or operation of law, or by deed or conveyance in writing, subscribed by the party creating, granting, assigning, surrendering or declaring the same, or by his lawful agent thereunto authorized by writing.' (2 R.S., p. 134, Sec. 6.) The statute has reference to the actual estate or interest which is to be surrendered. When it excepts leases for one year, it refers to the estate or interest of the tenant; to his estate for a year; and not to the form of the lease by which that interest or estate is created or secured. In order to secure the

true intent and spirit, we must regard this as only a lease for a year. So far as the estate or interest remaining under the lease is concerned, it is a lease but for a year."

Our statute, Art. 3995, subd. 4, V.A.C.S., provides that "No action shall be brought in any court * * * upon any contract for the sale of real estate or the lease thereof for a longer term than one year", unless in writing, etc.

It is to be observed that we have no provision regarding the surrender of a lease as does the New York statute and hence it is not material here that we discuss the interpretation placed by New York upon a statute unlike ours.

It is my opinion that our statute requires consideration of the lease involved as an entity and that there is no room under the statute and no legitimate reason for saying that a ten year lease is converted into a one year lease by the lapse of nine years. It might as well be said that a two story house is converted into a one story house by a tornado which carries away the upper story. In the first instance we have what is left of a ten year lease. In the second instance we have what is left of a two story house.

There are many practical reasons for adhering to this construction of the statute. Many lease provisions are applicable only to or during the final year such as: option to renew or buy, increased rents, renovation, repairs, etc. If a lease for years is to be bobtailed so as to delete such important matters by rescission I believe the witnessing agreement should be in writing. Otherwise the intent of our statute is violated and its effectiveness greatly curtailed.

I concur in the Court's opinion affirming this case.

### On Motion for Rehearing

### PER CURIAM.

Appellant has requested that the following statement be included in our statement of the case and we gladly comply:

"The appellant testified that when appellee agreed to cancel the lease, she told him to contact Mr. Nardecchia, her agent, and advise him of their agreement and that she would call Mr. Nardecchia and confirm it. Appellee testified that she immediately called Mr. Nardecchia, but she did not recall what she told him. Mr. Nardecchia was unable to recall having talked with appellee concerning the conversation between appellee and appellant.

"Appellant testified that he did call Mr. Nardecchia and did tell him of the agreement made between appellee and appellant to cancel the lease and that on November 13th, Mr. Nardecchia met him and showed him several smaller places for rent and that he rented one of them and paid the rent therefor to the firm of Buratti & Montandon, for whom Nardecchia worked. Appellant testified that on the day following, i. e. November 14th, he moved his belongings from appellee's premises and turned the key to them over to Mr. Nardecchia. Mr. Nardecchia by his testimony admitted renting the new place to appellant."

Appellant complains of our holding that the statute of frauds was well pleaded, citing Riley v. Gray, Tex.Civ.App., 275 S.W.2d 171.

The court there said that even though special exceptions raised the defenses of want of consideration and illegality these matters should also be pleaded affirmatively.[1]

Rule 45[2] provides that "All pleadings shall be so construed as to do substantial justice" and Rule 85 that an answer may consist of many matters including "special exceptions." Rule 71 provides that a pleading mistakenly designated may, if justice so requires, be treated as if properly designated and Rule 68 provides for repleader if the court deems it necessary.

Under these rules we are of the opinion that appellee's pleading set out in the original opinion, sufficiently pleads the statute of frauds under Rule 94 regardless of the designation given such pleading.

If we are incorrect in holding that the statute of frauds was well pleaded then we are of the opinion that prejudicial error against appellee was committed in overruling her special exception. See McDonald Texas Civil Practice, pp. 883–4. If this special exception had been sustained to the extent that appellant be required to plead that the contract of rescission was oral or written then appellee would have had the information with which to intelligently draw her pleadings.

Appellant cites several cases as deciding that it is not necessary to allege that an agreement regarding land is oral or written. These cases were decided when the general demurrer was a good pleading and before the adoption of the present Rules.

We believe appellee's exception well taken under Rule 91.

We do not believe we are required to remand this case in order that appellee may plead the statute of frauds when we are assured that she will do so. A case should not be remanded when the trial must result in an instructed verdict for appellee. Arkansas Fuel Oil Co. v. State, Tex., 280 S.W.2d 723.

The motion is overruled.

Motion overruled.

[1.] We have examined the three cases cited by the court to sustain its ruling. The first two cases involve Rule 93 which requires verification and the last Rule 94 in which the court merely holds that under Rule 94 the party relying on illegality of a transaction must plead and prove it. We submit that none of these cases is authority here.

[2.] All rule references are to Texas Rules of Civil Procedure.

On Appellant's Second Motion for Rehearing

Appellant cites our opinion in State v. Arkansas Fuel Oil Co., Tex.Civ.App., 268 S.W.2d 311, reversed Tex., 280 S.W.2d 723, as holding that a special exception addressed to the failure of a petition to allege that a contract made the basis of a suit was oral or in writing is not well taken even where the contract, if oral, is invalid under the statute of frauds. In that case the contract declared upon was not required to be in writing. There, too, *all* the facts pertaining to the contract were alleged in the petition and whether the contract was oral or written could be determined therefrom.

In Goen v. Hamilton, Tex.Civ.App., 159 S.W.2d 231, 232, Amarillo, the Court held that the trial court erred in sustaining what "in our judgment, amounted to a general demurrer." This was a suit for real estate commissions and controlled by Sec. 22 of Art. 6573a, Vernon's Ann.Civ.St. Part of the exception was directed to the failure of the petition to allege that the agreement was in writing. The Court, citing several early Texas cases, held that a pleading declaring upon a contract within the statute of frauds is not subject to an exception because of the failure to allege that the agreement was in writing.

In Cross v. Everts, 28 Tex. 523, cited in Goen, it is stated that in such cases the contract declared upon "will be presumed to be in writing."

The presumption is, of course, valid when tested by a general exception.

It seems to us that it is not consistent with the general rule applicable to special exceptions. We quote from 33 Tex.Jur. 628–9:

"*As Against Pleader—On Special Exception.*—At common law it is a cardinal rule that a pleading is to be construed against the pleader—that is to say, when the meaning is equivocal the pleading is read in the sense contended for by the pleader's adversary, the theory being that the pleader has expressed his averments as favorably to himself as he could, and that the obscurity is intended with a view to obtaining some unfair advantage. This rule of construction has been adopted in Texas; but in our system it is invokable only where the pleading is by special exception challenged for indefiniteness, uncertainty, discrepancies, or some other cause specified in the exception; or where the demurrant has specified the element of the cause of action or defense omitted from the allegations.

"The principle that a defect in pleading can be supplied by inference does not obtain when such defect is pointed out by a special exception; the rule is that its allegations must be certain to a certain intent in order for the pleading to stand against such an attack."

We believe our holding in this respect correct on principle but consider a decision of the question immaterial in view of our opinion that the statute of frauds was well pleaded.

The motion is overruled.

Motion overruled.