S. M. ZIMMERMAN et al., Appellants,

v.

FIRST NATIONAL BANK IN DALLAS, Independent Executor of the Estate of Murray Samuell, Deceased, Appellee.

No. 4772.

Court of Civil Appeals of Texas.

Waco.

Dec. 12, 1968.

Rehearing Denied Jan. 2, 1969.

Goldberg, Alexander & Baker, Steven B. Strange, Dallas, for appellants.

Payne, Pace & Benners, Fred H. Benners, Dallas, for appellee.

## OPINION

WILSON, Justice.

First National Bank in Dallas brought this action as executor of the estate of Murray Samuell, deceased, for specific performance of a contract between Samuell and appellants by which it was alleged appellants agreed to deliver corporate stock. Alternatively it prayed for a money judgment, which was rendered on a jury verdict.

By the contract Samuell and another agreed to assign to appellants their rights resulting from an offer of sale of "mineral interest land" in Tennessee in exchange for 100,000 shares of the corporate stock of American Hydrocarbon Corporation to Samuell and his associate "either outright or in the form of an option to purchase the same at 95% of market value at the time of transfer to them, according to their choice". Samuell and his associate agreed to execute notes to a corporation to be formed by appellants. It was agreed that the contemplated corporation would pay Samuell a royalty or percentage of profits from coal mining operations on the land mentioned in the letter.

The bank as executor alleged performance by Samuell, and failure of appellants to make payment or deliver the stock. Trial was had after an order severing the executor's action against appellants from that of Samuell's associate.

The jury found Samuell and his associate "complied with the terms of the contract"; that Samuell was damaged in the sum of $49,000 by failure of appellants to deliver the stock; that Samuell and his associate were engaged in a joint venture; that it was represented to appellants that Samuell and his associate owned an exclusive right to purchase the mineral acreage, but this representation was not as to a material fact; that Samuell did have rights in the acreage; that appellants were acting on behalf of a corporation subsequently formed, "Blue Sewanee Development Corporation"; and that Samuell was not acting as a real estate broker in executing the contract. Appellants made no objections to the charge.

Appellants first complain of the overruling of their plea in abatement asserting nonjoinder of Blue Sewanee Development Corporation as an indispensable party. They urge also that since the jury found they were acting on behalf of that corporation, later organized, they were not individually liable. They rely, among others, on Schwedtman v. Burns, Tex.Civ.App., 11 S.W.2d 348 and Cavaness v. General Corporation, Tex.Civ.App., 272 S.W.2d 595, affirmed 155 Tex. 69, 283 S.W.2d 33; Weathersby v. Texas & Ohio Lumber Co., 107 Tex. 474, 180 S.W. 735, 7 A.L.R. 1440.

■ The plea in abatement was properly overruled because there was no evidence supporting its averments. Since the necessary facts were not established on the face of appellee's pleading, failure to prove the allegations of the plea in abatement by evidence waived it. McDougald v. First Nat. Bank of Beaumont, Tex.Civ.App., 239 S. W.2d 145, writ ref. n. r. e.; Taylor v. United Ass'n of Journeymen, etc., Tex. Civ.App., 337 S.W.2d 421, writ ref. n. r. e.;

Schaff v. Nash, Tex.Civ.App., 193 S.W. 469.

■ Blue Sewanee Development Corporation is a Tennessee Corporation. Rule 39(b), Texas Rules of Civil Procedure, authorizes the court in its discretion to proceed without joinder of a party if jurisdiction may be obtained only by consent or voluntary appearance.

Appellants did not allege as a defense that they were not personally liable or that their liability had been discharged by formation of the corporation. Rule 94 requires that matters constituting an avoidance or affirmative defense be affirmatively pleaded. The defense is waived. Reid v. Associated Employers Lloyds, Tex.Civ. App., 164 S.W.2d 584, writ ref.

■ Admission in evidence and pleading concerning the contract which is the subject of the suit is complained of by appellants on the ground the description of the mineral acreage is too general to meet the requirements of the Statute of Frauds, Art. 3995, Vernon's Ann.Civ.Stat. (now Sec. 26.01, Business and Commercial Code).

The contract recited that Samuell was "offeree in a certain letter from Dillon Green of Sherwood, Tennessee for the purchase of approximately 20,000 mineral acres lying in Grundy, Sequatchie, Bledsoe and Cumberland Counties, Tennessee, and wishes, upon the following considerations to assign to said Zimmerman, Huls and Scott, or to a corporation to be formed by the latter, all the rights of said Samuell and McLaughin under said letter dated April 10, 1962, a photostatic copy of which is attached hereto as exhibit A and incorporated by reference." The letter from Green to Samuell attached as an exhibit reads in part: "For and in consideration of the sum of $2500 payable to me as commission, I herewith offer to sell to you approximately 20,000 acres of mineral interest land lying in Grundy, Sequatchie, Bledsoe and Cumberland Counties, Tennessee

for the sum of $5.50 per acre." The letter continued, "The land to be conveyed hereunder known as the Shook lands." Other terms not material here followed.

The description of the 20,000 acres in the contract and letter exhibit does not satisfy the Texas Statute of Frauds. It does not meet the requirement that the description in the instrument or in some other writing referred to must be so definite that the land can be identified with reasonable certainty. Greer v. Greer, 144 Tex. 528, 191 S.W.2d 848; Republic Nat. Bank of Dallas v. Stetson, (Tex.Sup.1965) 390 S.W.2d 257; Douglass v. Texas-Canadian Oil Corp., 141 Tex. 506, 174 S.W.2d 30; Matney v. Odom, 147 Tex. 26, 210 S.W.2d 980.

Appellee submits this is not a contract for the sale of real estate under Art. 3995, subd. 4, but is merely the transfer of negotiation rights. We hold it comes within the statute. Noxon v. Cockburn, Tex.Civ. App., 147 S.W.2d 872, writ ref.; Duke v. Joseph, Tex.Civ.App., 213 S.W.2d 535, writ ref.

 It is argued appellants may not rely on the Statute of Frauds because they did not plead it as a defense, as required by Rule 94. Appellants objected, however, to admission in evidence of the contract because the description was so general and indefinite as to contravene the statute. The objection prevented waiver. Objection to the evidence preserved the point notwithstanding the statute was not pleaded. See Edwards v. Strong, 147 Tex. 155, 213 S.W.2d 979, 980, Syl. 2; Reyes v. Smith, Tex.Civ.App., 288 S.W.2d 822, writ ref. n. r. e.; Elam v. Barrett, Tex.Civ. App., 245 S.W.2d 765; Danaho Refining Co. v. Dietz, Tex.Civ.App., 398 S.W.2d 307, writ ref. n. r. e.; Enfield Realty & Home Building Co. v. Hunter, Tex.Civ. App., 179 S.W.2d 810; 26 Tex.Jur.2d Sec. 135, p. 307.

Appellee further answers that since the contract concerns an interest in land in Tennessee, it is the statute of frauds of that state which governs, not the Texas statute. It argues the trial court could not take judicial notice of the Tennessee law without a motion under Rule 184a. It is presumed the Tennessee law is the same as that of Texas. National Bank of Commerce v. Kenney, 98 Tex. 293, 83 S.W. 368; State v. Thomasson, 154 Tex. 151, 275 S.W.2d 463.

The contract is subject to the objection made, under the record presented. Appellants' fourth point is sustained.

Appellants' other points, under the record, do not present reversible error. We do not reach appellee's cross-point.

Reversed and remanded.